PICK, Respondent, vs. TAX COMMISSION, Appellant.

*April 26—May 25, 1937.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent the cause was submitted on the brief of *O'Meara & O'Meara* of West Bend.

FRITZ, J.   The only ultimate question on this appeal is whether, in assessing the income of the plaintiff, Carl Pick, for the year 1927, he is entitled to a deduction of $10,000 for a loss which he claims to have sustained in that year.   It is undisputed that he, as the holder of $15,000 of the stock of the Carl Pick Company (a Wisconsin corporation), lost that amount by reason of the corporation's transfer of all of its assets on October 1, 1925, without receiving any consideration therefor excepting the transferee's agreement to pay the corporation's liabilities to its creditors.   Upon making that transfer, it ceased to transact any business or otherwise function as a corporation; and it failed in 1926, as well as thereafter, to file an annual report as a corporation in compliance with sec. 180.08 (1), Stats.   Because it had transferred all of its property on October 1, 1925, there was nothing for liquidation and distribution among the stockholders.

In sub. (3) of sec. 71.04, Stats., it is provided, so far as is here material, that deductions from income reported for taxation under ch. 71, Stats., shall be allowed for "losses actually sustained within the year and not compensated by insurance or otherwise."   Consequently, in order to determine whether the plaintiff was entitled to a deduction in 1927 for the loss in question, it is necessary to determine whether he actually sustained that loss within that year.   If, upon the transfer of its assets in 1925, there had remained in the corporation any assets which could possibly have been the subject of liquidation and distribution among its stockholders, then, by reason of the provision in sec. 71.02 (2) (b) 3, Stats., that "losses upon liquidation shall be recognized only in the year in which the corporation shall have made its final distribution," the time of the final distribution thereof would have to be considered the time at which the loss was actually sustained.   Even though it may seem very probable in a certain year that a stockholder's stock has become worthless, he is not entitled to deduct the loss in that

year, if there are any corporate assets still in the process of liquidation. *Marshall v. Tax Comm.* 222 Wis. 221, 267 N. W. 913. However, when, as in the case at bar, it is undisputed that since a certain date a corporation had nothing of value which could then or thereafter possibly be the subject of liquidation or distribution among its stockholders, then there obviously will never be a time of liquidation or distribution which can be deemed to constitute the time when a stockholder's loss was actually sustained. Under such circumstances, other facts than the time of a final distribution must be taken into consideration in order to ascertain in what year a deductible loss was actually sustained. It follows that in the case at bar the time at which that loss was actually sustained must be held to have been on October 1, 1925, when the corporation unconditionally and irretrievably parted with all of its assets. Thereupon there remained nothing of value for distribution among its stockholders, or upon which any of them, including the plaintiff, could realize by virtue of their stock holdings; and, therefore, the plaintiff's loss was then actually sustained because it was then definitely complete, absolute, and irretrievable. That the plaintiff's stock became entirely worthless on that date is established as conclusively, by the undisputed facts herein, as the fact of the foreclosure sale of the property of the Phœnix Manufacturing Company was held in *O. H. Ingram Co. v. Tax Comm.* 202 Wis. 202, 208, 231 N. W. 160, to have demonstrated that its stock had been thereby rendered worthless so that the loss to its stockholders, in consequence thereof, could be considered sustained and deductible by them from their income in the year of the sale. In view of the manner in which the undisputed facts conclusively establish when the plaintiff's loss was actually sustained, it is wholly immaterial as to whether or when the corporate rights and privileges of the Carl Pick Company were actu-

ally forfeited under either sec. 180.08, Stats. (by reason of its failure to file the annual report as is therein required), or sec. 181.01, Stats. (by reason of the suspension of its ordinary business for one year). Likewise, and for the same reason, it is immaterial that under some circumstances it may be said that "the stock of a corporation has potential value so long as the corporation itself has legal existence and a legal right to transact business." *O. H. Ingram Co. v. Tax Comm., supra.* It follows that the portion of the judgment appealed from must be reversed and that, in lieu thereof, the judgment must affirm the Tax Commission's order of May 28, 1934, disallowing the plaintiff's deduction of $10,000 as a loss sustained in 1927.

*By the Court.*—The portion of the judgment appealed from is reversed, with directions that, in lieu thereof, judgment be entered in accordance with the opinion filed herein.