KOEHRING COMPANY, Appellant, vs. TAX COMMISSION and another, Respondents.

*September 14—October 13, 1942.*

*Arthur A. Mueller* of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

Fritz, J.  It is undisputed that upon stock which it held in the National Equipment Corporation, the appellant, Koehring Company, sustained a loss of $1,273,009, and for that loss reported and claimed a deduction in its income tax return for 1936. Subsequently on an office audit of appellant's tax liability, the loss was disallowed as deductible in 1936; but was allowed as a deduction in 1937, because the liquidation of National Equipment Corporation was not had or completed until in 1937. Appellant contends that it was entitled to take the deduction for the loss in 1936, under the provision in sub. (3) of sec. 71.03, Stats., which (so far as here material) reads:

"Every corporation, . . . shall be allowed to make from its gross income the following deductions : . . .

"(3) Losses actually sustained within the year and not compensated by insurance or otherwise, . . .";

and also contends that its right to the deduction is not governed by the provision in sec. 71.02 (2) (b) 3, Stats., that:

"Losses upon liquidation shall be recognized only in the year in which the corporation shall have made its final distribution."

On the other hand, the Tax Commission contends that the loss was not actually sustained by appellant until in the year 1937, and therefore is deductible only in that year; and that,

moreover, under sec. 71.02 (2) (b) 3, Stats., a loss upon stock in a corporation which is liquidated is considered sustained in the year in which its final distribution is made, and the National Equipment Corporation's final distribution was not made until in 1937.

In passing upon those conflicting contentions of the parties it suffices to note the following undisputed facts. In 1935 a petition was filed in the federal court for the reorganization of Koehring Company under sec. 77B of the federal Bankruptcy Act, and pursuant thereto there was also filed a plan for such reorganization. Koehring Company then owned 13,658 shares of common stock in the National Equipment Corporation, and was also a creditor of that company in the sum of $654,024; and the latter owned 24,682 shares (98.73%) of the common stock in Koehring Company. Under the plan for the reorganization of Koehring Company it was to give one-tenth share of its new common stock for each share of its former common stock, which would entitle National Equipment Corporation to receive 2,468 shares of the new stock. The federal court referred the plan to Harvey C. Hartwig, as special master, who, on March 13, 1936, filed a report in which he approved the proposed plan for the reorganization of Koehring Company, but stated therein that National Equipment Corporation was insolvent, and it would be unfair for it to receive the 2,468 shares of new common stock unless provision were made for payment of its indebtedness to Koehring Company. Therefore the master recommended that National Equipment Corporation should be liquidated also, but as there was no provision therefor in sec. 77B of the Bankruptcy Act, he expressed doubt as to procedure, and recommended that an order be entered requiring National Equipment Corporation to turn all of its assets over to Koehring Company, as trustee, to be held by it as such until further proceedings, and that provision be made for giving notice to creditors of National Equipment Corporation and that their

claims when filed be determined and allowed; and that after the allowance thereof,—

"such further order be entered as shall be just and equitable in the premises in view of claims filed and allowed, if any, either . . . (b) requiring the debtor to assume payment of said claims, and upon payment or assumption thereof, decreeing that the title to the property, assets and effects of National Equipment Corporation be vested in Koehring Company, and that National Equipment Corporation and its creditors be divested of all right, title, claim and interest therein, or . . ."

On September 22, 1936, the federal court entered an order in which it was provided,—

"That debtor's proposed plan of reorganization is hereby approved and confirmed and the report and findings of the special master are hereby approved and confirmed and adopted as the findings and conclusions of the court, and the court in accordance therewith finds : . . .",

and "That this proceeding is again referred to the Honorable Harvey C. Hartwig, special master, to supervise and direct the consummation of the plan of reorganization so approved."

There is no specific mention or provision, however, in that order in respect to the interpleading or the liquidation of National Equipment Corporation.

On March 11, 1937, the master filed a supplemental report stating that,—

"Liquidation of National Equipment Corporation as recommended in my report is the sole matter which has not been disposed of in consummating the plan of reorganization, excepting. . . ."

"The parties are agreed that by no stretch of the imagination can the value of the assets of National Equipment Corporation be brought to a point where it anywhere near approximates the indebtedness of National Equipment Corporation to debtor. . . . I am of the opinion that the procedure

recommended in my original report is still necessary to completely dispose of the controversies involved in this proceeding. The order of the court entered herein on September 22, 1936, appears to be an approval and confirmation of my report, including the recommendation as to the method of liquidating National Equipment Corporation. Therefore, I am submitting to the court proposed order drafted in accordance with the recommendation contained in my report and adhere to my former recommendation that an order substantially in the form proposed be entered in this proceeding. If I am correct in reading the order of September 22, 1936, as confirming and approving my report in reference to this recommendation, then I am of the opinion that the matter has been adjudicated by this court and the entry of the order is an administrative matter in consummating the plan of reorganization and may be entered without further notice."

Thereupon the federal court on March 11, 1937, entered an order in the Koehring Company reorganization proceedings, by which National Equipment Corporation was interpleaded for the purpose of its liquidation, and its assets were ordered to be turned over to Koehring Company, as trustee, to hold subject to the further order of the court; and the order directed that notice be given to the creditors of the National Equipment Corporation to file their claims for allowance, and that if Koehring Company elects to pay such claims and they are approved by the court, an order shall be entered making absolute and final the transfer of National Equipment Corporation's assets to Koehring Company, upon the condition that the latter pay all of said claims. On July 14, 1937, the federal court entered an order making final and absolute the transfer to Koehring Company by National Equipment Corporation of all its assets, and as the result thereof there then remained no assets upon which anything could be realized by Koehring Company as a stockholder on its shares in National Equipment Corporation, and its investment of $1,273,009 in that stock was a total loss.

Appellant claims that by reason of the federal court's order of September 22, 1936, confirming the master's report and findings and approving the plan of reorganization of Koehring Company, the provisions of that plan and the order of confirmation then became binding (under subd. (g) of sec. 77B of the Bankruptcy Act as amended in 1938) upon Koehring Company, as a stockholder in National Equipment Corporation, and therefore the loss sustained by Koehring as such stockholder can be held to have been "actually sustained" in 1936 within the meaning of that term as used in sec. 71.03 (3), Stats.

Whatever may have been the binding effect upon Koehring Company, by virtue of subd. (g) of sec. 77B of the Bankruptcy Act, of the court's order and confirmation on September 22, 1936, of the master's report and the plan of reorganization of the Koehring Company, it does not follow therefrom that there then became effective as to National Equipment Corporation the proposed transfer of its assets to Koehring Company, which the master had recommended should be made after interpleading National Equipment Corporation for the purposes of its liquidation and requiring it to turn over its assets to Koehring Company, as trustee, to hold as such subject to and until after further proceedings, the performance of certain conditions, and the entry of a further order making absolute and final the transfer of said assets to Koehring Company upon condition that it pay all indebtedness of National Equipment Corporation to other creditors whose claims were filed and allowed. As there was no order made by the court during the year 1936 for the interpleading and liquidation of National Equipment Corporation and the transfer of its assets to Koehring Company as recommended in the master's report of March 13, 1936, there cannot be deemed to have been effected in 1936 any such unconditional and irretrievable transfer as to leave National Equipment Corporation then without

any assets available for distribution to its stockholders. That did not occur until after the court in 1937 ordered National Equipment Corporation interpleaded and the transfer of its assets to Koehring Company was consummated under and pursuant to the orders made by the court in that year. Although the stock of National Equipment Corporation had probably become worthless because of its insolvency at the time the master filed his first report on March 13, 1936, and the court approved and confirmed the report on September 22, 1936, there was no order made or effective action taken by the court for the interpleading or liquidation of National Equipment Corporation or the transfer of its assets, or by virtue of which it can be deemed to have unconditionally and irretrievably parted therewith so as to leave nothing for its stockholders, until after the court on March 11, 1937, upon the filing of the master's supplemental report, ordered the matter of the liquidation of National Equipment Corporation referred to the master, and ordered that corporation to turn over its assets to Koehring Company as trustee to be held subject to further orders of court, including an order by which there would be made absolute and final the transfer to Koehring Company for indebtedness owing to it by National Equipment Corporation, if Koehring Company elected to pay and did pay all debts of National Equipment Corporation.

In view of those facts the loss in question cannot be held to have been "actually sustained" in 1936, under the meaning of that term in secs. 71.03 (3) and 71.04 (3), Stats., as construed and applied in *Pick v. Tax Comm.* 225 Wis. 102, 103, 273 N. W. 537, in which we held that the deduction, authorized by statutes for "losses actually sustained within the year and not compensated by insurance or otherwise," can be taken for a loss upon corporate stock owned by a stockholder in only the year in which "the corporation unconditionally and irretrievably parted with all of its assets." As we then said in that connection, "Even though it may seem very prob-

able in a certain year that a stockholder's stock has become worthless, he is not entitled to deduct the loss in that year, if there are any corporate assets still in the process of liquidation."

*By the Court.*—Judgment affirmed.